# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
           Plaintiff, )    Cr. ID Nos. 1804006358
)
v. )
)
JAVIER B. PEREZ )
)
           Defendant. )

Submitted: May 26, 2020
Decided: July 23, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED.

Jordan A Braunsberg, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Javier B. Perez, Sussex Correctional Institution, Georgetown, Delaware, *pro se.*

PARKER, Commissioner

This 23rd day of July 2020, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. On April 11, 2018, the police arrested and charged Defendant Javier Perez with Fifth Offense DUI, and other motor vehicle charges.

2. On October 30, 2018, Perez pled guilty to Fifth Offense DUI.

3. On March 1, 2019, Perez was sentenced to five years at Level V, suspended after two years, for decreasing levels of probation.

4. On direct appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court.[1]

5. On March 5, 2020, Perez filed a motion for sentence modification, which was denied by the Superior Court on June 24, 2020.[2]

## PEREZ'S RULE 61 MOTION

6. Perez filed the subject Rule 61 motion on February 5, 2020. In the subject motion, Perez raises three ineffective assistance of counsel claims: 1) counsel was ineffective for not requesting an interpreter when signing the plea agreement; 2) counsel misguided Perez in helping him receive treatment for his health issues and

---

[1] *Perez v. State*, 2019 WL 6522897 (Del.).
[2] See Superior Court Docket Nos. 38 (Motion) and 40 (Order denying motion).

1

promised treatment for high blood pressure; and 3) counsel was ineffective for not challenging BAC test for excessive testing.

7.     Perez also filed a motion for the appointment of counsel. By Order dated March 3, 2020, Perez's motion for the appointment of counsel was denied and Perez's trial counsel was directed to submit an affidavit responding to Perez's claims.[3]

8.     Due to the COVID-19 pandemic, counsel requested an extension of time for the filing of her Affidavit. The extension was granted. On May 26, 2020, counsel filed her Affidavit responding to Perez's claims.

9.     In order to prevail on an ineffective assistance of counsel claim in the context of a plea challenge, Perez must meet the two-pronged *Strickland* test by showing that: (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient performance prejudiced the defense.[4] The first prong requires Perez to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires him to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[5]

---

[3] See Superior Court Docket No. 37.
[4] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).
[5] *Id.* at 687-88, 694.

10. In the context of a plea challenge, it is not sufficient for the defendant to simply claim that his counsel was deficient. The defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, but for counsel's deficiencies, the defendant would not have taken a plea but would have insisted on going to trial.[6] Mere allegations of ineffectiveness will not suffice; instead, a defendant must make and substantiate concrete allegations of actual prejudice.[7]

11. The United States Supreme Court has reiterated the high bar that must be surmounted to prevail on an ineffective assistance of counsel claim.[8] The United States Supreme Court cautioned that in reviewing ineffective assistance of counsel claims in the context of a plea bargain, the court must be mindful of the fact that "[p]lea bargains are the result of complex negotiations suffused with uncertainty, and defense attorneys must make careful strategic choices in balancing opportunities and risks."[9]

**Claim One: Ineffectiveness for Not Requesting an Interpreter for Plea**

12. Perez first claims that his trial counsel was ineffective for not requesting an interpreter when signing his plea.

---

[6] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore*, 131 S.Ct. 733, 739-744 (2011).
[7] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[8] *Premo v. Moore*, 131 S.Ct. 733, 739-744 (2011).
[9] *Id.*, at pg. 741.

3

13. This claim is factually incorrect.

14. Counsel did request a Spanish interpreter and an interpreter was present at Perez's plea.

15. Indeed, the Delaware Supreme Court on Perez's direct appeal already recognized that "[o]n October 30, 2018, Perez, with the assistance of an interpreter, knowingly and intelligently pled guilty to Fifth Offense DUI."[10]

16. The plea transcript reflects that counsel discussed the plea agreement, the truth-in-sentencing guilty plea form, the revocation of driver's license, and immigration issues with Perez with the assistance of an interpreter.[11] Moreover, Perez's cousin, Geraldo Quindell, was also present at the plea hearing and also assisted in interpreting for Perez.[12]

17. In fact, during the plea colloquy, Perez represented that he was able to communicate with his counsel regarding the plea.[13] Perez represented that he had enough time to speak with his attorney about the plea, that he was satisfied with his counsel's representation of him, that he was satisfied that counsel fully advised him of his rights, and that counsel fully answered all questions that Perez had regarding his plea.[14] Perez further represented that he read and understood all the information

---

[10] *Perez v. State*, 2019 WL 6522897, *1 (Del.).
[11] October 30, 2018 Plea Transcript, at pgs. 3-4.
[12] October 30, 2018 Plea Transcript, at pgs. 3-4.
[13] October 30, 2018 Plea Transcript, at pgs. 6-7.
[14] October 30, 2018 Plea Transcript, at pgs. 6-16.

4

in the paperwork connected with his plea and *that an interpreter helped him with the paperwork associated with the plea.*[15]

18. Perez's claim that his counsel failed to request an interpreter when he signed the plea agreement is simply factually incorrect. This claim is without merit.

### Claim Two: Counsel Promised Treatment For His High Blood Pressure

19. Perez's second claim is that his counsel was ineffective because counsel promised he would receive treatment for his high blood pressure while incarcerated.

20. During the plea colloquy, and in the truth-in-sentencing guilty plea form, Perez represented that the plea agreement contained the full agreement between the parties and that nobody promised him anything not expressly stated in the plea agreement in order to get him to take the plea.[16] The plea agreement did not contain any representations about Perez's medical treatment.[17]

21. A defendant is bound by his answers on the plea form and by his testimony at the plea colloquy in the absence of clear and convincing evidence to the contrary.[18]

22. Counsel, in her Affidavit in response to Perez's claim, represented that she never specified what treatment Perez would receive while housed at Howard R.

---

[15] October 30, 2018 Plea Transcript, at pgs. 7-8.
[16] October 30, 2018 Plea Transcript, at pg. 8; Truth-in-Sentencing Guilty Plea Form dated October 30, 2018.
[17] Plea Agreement dated October 30, 2018.
[18] *Evans v. State,* 2016 WL 6196456 (Del.); *State v. Harden,* 1998 WL 735879, *5 (Del.Super.); *State v. Stuart,* 2008 WL 4868658, *3 (Del.Super.).

5

Young Correctional Institution ("HRYCI").[19] Counsel had no knowledge of Perez's specific health issues and is not a medical provider at HRYCI.[20] Counsel further represented that she "does not advise clients regarding medical treatment or issues other than to advise clients that medical treatment is available while housed at Howard R. Young Correctional Institution and that should an issue arise to put in a call slip for treatment."[21]

23. Counsel also stated that when she saw Perez at his sentencing (which occurred over three months after Perez's plea during which time Perez was incarcerated at HRYCI), Perez looked visibly well and in a much-improved condition. Perez told counsel that he was doing very well, was less stressed, and was receiving medications and feeling much better.[22]

24. Perez has not presented any clear, contrary evidence to call into question his prior testimony at the plea colloquy, Plea Agreement or answers on the Truth-in-Sentencing Guilty Plea Form. Perez has not met his burden to establish that anything not stated on the Plea Agreement was a part of the plea deal.

---

[19] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.
[20] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.
[21] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.
[22] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.

25. Perez has not established that trial counsel's conduct was deficient in any regard, that her legal advice fell below any objective standard of care, or that Perez suffered any actual prejudice as a result thereof. This claim is without merit.

26. As an aside, although outside the scope of this Rule 61 motion, this Court has notified HRYCI on Perez's behalf to ensure he is receiving all necessary medications for his medical needs, including blood pressure medication (if needed).

**Claim Three: Failure to Challenge BAC Test for Excessive Testing**

27. Perez's third and final claim is that his counsel was ineffective for failing to "challenge BAC test for excessive testing."

28. First, this claim was waived upon the entry of Perez's plea.

29. The Delaware Supreme Court on Perez's direct appeal already held that Perez knowingly and intelligently entered into his plea.[23]

30. A defendant who knowingly and intelligently enters into a plea waives his right to challenge any alleged errors, deficiencies or defects occurring prior to the entry of his plea, even those of constitutional proportions.[24]

---

[23] *Perez v. State*, 2019 WL 6522897, *1 (Del.).
[24] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Modjica v. State*, 2009 WL 2426675 (Del. 2009); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2004).

7

31. This claim presented herein, that his counsel was ineffective for failing to challenge evidence in the case, was waived when Perez voluntarily entered into his guilty plea.[25]

32. In addition to this claim having been waived, it is also without merit.

33. An ineffective assistance of counsel claim based on the failure to object to evidence is without merit if trial counsel lacked a legal or factual basis to object to the evidence.[26]

34. Perez's trial counsel, in her Affidavit in response to Perez's Rule 61 motion, explained that she did not believe there was any meritorious basis to challenge the State's BAC testing.[27]

35. Specifically, trial counsel explained that at the time of this incident, Perez was visibly intoxicated, unstable and needed assistance to stand up. The reporting officer smelled alcohol coming from Perez's breath from two feet away. Perez admitted to drinking four beers within the past three hours, he was weaving in his lane of travel as reported by witnesses, he had bloodshot eyes and he crashed his vehicle into another car. Perez agreed to DUI testing. There were several BAC test strips,

---

[25] See, *Mills v. State*, 2016 WL 97494, at *3 (Del.); *Day v. State*, 2011 WL 3617797 (Del.) (claim that counsel was ineffective for failing to file a suppression motion was waived when defendant voluntarily entered his guilty plea, since voluntary guilty plea waives any claims of error occurring prior to the entry of the plea); *Hickman v. State*, 1994 WL 590495 (Del.).

[26] *State v. Exum*, 2002 WL 100576, at *2 (Del.Super.), *affirmed*, 2002 WL 2017230, at *1 (Del.).

[27] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.

however, a number of them indicated simulation testing. There was only one test strip that had Perez indicated as the subject tested.[28]

36. Perez fails to articulate any facts or allegations to support his claim. Counsel did not file a motion to suppress, or otherwise challenge the BAC testing in this case because she did not believe he had any good faith basis to do so. Perez has not met his burden to establish that there was any basis to do so.

37. Trial counsel cannot be deemed ineffective for failing to file a motion to suppress, or to otherwise object to the BAC testing results, when there was no good faith basis to do so. Conclusory, unsupported and unsubstantiated allegations are insufficient to establish a claim of ineffective assistance of counsel.[29]

38. Perez's ineffective assistance of counsel claim for failing to challenge the BAC testing was waived when Perez voluntarily entered into his guilty plea. This claim is also without merit.

---

[28] Affidavit of Trial Counsel in response to Perez's Rule 61 motion, at pg. 2.
[29] *Younger v. State,* 580 A.2d 552, 556 (Del. 1990); *State v. Brown,* 2004 WL 74506, *2 (Del.Super. 2004) (conclusory and unsubstantiated allegations of unprofessional conduct are insufficient to support a motion for postconviction relief).

9

For all of the foregoing reasons, Perez's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_Lynne Parker_
Commissioner Lynne M. Parker

cc: Prothonotary
Cathy A. Johnson, Esquire

10